1

2

3

4

Joseph A. Gaytan
11850 Maple Street
Whittier, California 90601
562-533-5505
*Without an Attorney*



FILED
CLERK, U.S. DISTRICT COURT

APR - 8 2016

CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

5

6

7

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

CV 16-02421-BRO(JEMx)

8

9

JOSEPH A. GAYTAN and
ANITA SHELINE GAYTAN

Case No: _____

10

*Plaintiff(s),*

vs.

11

12

13

14

15

THE BANK OF NEW YORK MELLON FKA
THE BANK OF NEW YORK, AS TRUSTEE
FOR THE CERTIFICATEHOLDERS OF THE
CWABS, INC., ASSET-BACKED
CERTIFICATES, SERIES 2006-15; and
GRIFFIN RESIDENTIAL; and LAW OFFICES
OF LES ZIEVE; and RICK MROCZEK.

**VERIFIED COMPLAINT**

16

*Defendant(s)*

**JURY TRIAL DEMANDED**

17

18

19

20

21

22

23

24

25

26

27

28

NOW COMES JOSEPH A. GAYTAN and ANITA SHELINE GAYTAN (hereinafter

"Plaintiffs" or "GAYTAN") herein, and files this Complaint against  THE BANK OF NEW YORK

MELLON  FKA  THE  BANK  OF  NEW  YORK,  AS  TRUSTEE  FOR  THE

CERTIFICATEHOLDERS OF THE CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES

2006-15 (hereinafter "BNYM"), and GRIFFIN RESIDENTIAL (hereinafter "GRIFFIN"), and the

LAW OFFICES OF LES ZIEVE (hereinafter "ZIEVE"), and RICK MROCZEK (hereinafter

"RICK"), and allege the following:

///



PAID

APR - 8 2016

Clerk, US District Court
COURT 4612

-1-

## JURISDICTIONAL ALLEGATIONS

1.     This Court has subject matter jurisdiction to hear this controversy. The Controversy involves a federal question.

2.     This Court has original jurisdiction over the claims in this action based on the Federal Question which confers original jurisdiction on federal district courts in suits to address the deprivation of rights, secured by federal law.

3.     This Court also has supplemental jurisdiction over the pendant state law claims because they form a part of the same case or controversy under Article III of the United States Constitution pursuant to 28 U.S.C. § 1367.

4.     This Court has original jurisdiction over the claims in this action based on 28 U.S.C. § 1132(a) which confers original jurisdiction on federal district courts in suits between diverse citizens that involve an amount in controversy in excess of $75,000.$^{00}$.

5.     This Court has authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*

## PERSONAM JURISDICTION OVER THE PARTIES

6.     At all relevant times, BNYM is organized under the laws of United States of America and conducts business in this District.

7.     At all relevant times, GRIFFIN may have been an affected party who may claim an interest in the subject property, pursuant to a purported Trustee's Deed Upon Sale.

8.     At all relevant times, ZIEVE is in the business of debt collection and is subject to Federal Regulations regulating debt collection activities in United States of America.

9.     At all relevant times, RICK is an employee or agent of ZIEVE, who is in the business of debt collection and is subject to Federal Regulations regulating debt collection activities in United States of America.

10.     JOSEPH A. GAYTAN and ANITA SHELINE GAYTAN are Individuals and are the Plaintiffs in this lawsuit.

## VENUE ALLEGATIONS

11.   Venue in the CENTRAL DISTRICT is proper in this cause under federal law because this action involves improper efforts to collect debt in this district.

12.   The unlawful conduct, illegal practices, and acts complained of and alleged in this Complaint were all committed in the CENTRAL DISTRICT OF CALIFORNIA, and involved real property located in the CENTRAL DISTRICT OF CALIFORNIA. Therefore, venue properly lies in this District, pursuant to 28 U.S.C. § 1391(b).

## GENERAL ALLEGATIONS

13.   Plaintiffs are now, and at all times mentioned herein, individuals residing in the County of LOS ANGELES, in the State of CALIFORNIA. At all times relevant to this action, Plaintiff(s) JOSEPH A. GAYTAN and ANITA SHELINE GAYTAN owned the real property with the corresponding address and commonly known as 11850 MAPLE STREET, WHITTIER, CALIFORNIA 90601 (the "Maple Property"), further described as Assessor's Parcel Number: 8134-008-013, with the following legal description:

**LOT 14 OF TRACT NO. 5183, IN THE CITY OF WHITTIER, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 96, PAGES 55 ABD 56 OF MAPS IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.**

14.   Whenever reference is made in this Complaint to any act of any Defendant(s), that allegation shall mean that each Defendant acted individually and jointly with the other Defendants.

15.   Any allegation about acts of any corporate or other business of Defendant means that the corporation or other business did the acts alleged through its officers, directors, employees, agents and/or representatives while they were acting within the actual or ostensible scope of their authority.

16.   At all relevant times, each Defendant committed the acts, caused or directed others to commit the acts, or permitted others to commit the acts alleged in this Complaint. Additionally, some or all of the Defendants acted as the agent of the other Defendants, and all of the Defendants acted within the scope of their agency, if acting as an agent of the other.

- 3 -

17.     At all relevant times, each Defendant knew or realized that the other Defendants were engaging in, or planned to engage in, the violations of law alleged in this Complaint. Knowing or realizing that the other Defendants were engaging in, or planning to engage in, unlawful conduct, each Defendant nevertheless facilitated the commission of those unlawful acts. Each Defendant intended to, and did encourage, facilitate, or assist in the commission of the unlawful acts, and thereby aided and abetted the other Defendants in the unlawful conduct.

### ISSUES PRESENTED & CLAIMS FOR RELIEF - ALLEGED TRANSACTION RELATING TO THE MAPLE PROPERTY

18.     As to the alleged transaction concerning the MAPLE Property, the Federal Truth in Lending Act, 15 U.S.C. § 1635, Regulation Z § 226.23 allows for a borrower to rescind the Note and Deed of Trust by operation of law.  This occurred in this case, as of April 5, 2009, when Plaintiffs JOSEPH A. GAYTAN and ANITA SHELINE GAYTAN sent the rescission notice, and more than 20 days had elapsed without any formal response from Countrywide Home Loans, Inc.

19.     Specifically, the undisputed evidence shows that Plaintiffs timely rescinded both of their July 26, 2006 Note and Deed of Trust under TILA 15 U.S.C. § 1635(a) on April 5, 2009, effectively voiding all contracts and debt. Therefore, Defendants had no standing to initiate a foreclosure, or to collect payments under the contracts because those contracts were extinguished, by operation of law, on April 5, 2009.

20.     This alleged loan, and the documents titled Note and Deed of Trust, purportedly describing a loan transaction, describe a loan transaction that was not consummated. Said documents were the result of predatory lending practices; the transaction was not consummated; it was based on illegal and unfair business practices and fraud that were designed to force Plaintiffs into forfeiting their property, valued at over $400,000.00 dollars. The law does not stand for such practices. BNYM has no standing, has never had any valid title or legal right to Plaintiffs' payments, or a valid secured interest. How could it? The transaction was not consummated by the named

payee on the Note, and a court of competent jurisdiction declared the Note unenforceable for lack of consummation by the named payee.

21.     The facts are clear and undisputed; the transaction was not consummated and Plaintiffs' alleged loan was rescinded and extinguished by operation of law upon the mailing of the notice of rescission on April 5, 2009. And thus, no party could obtain any rights or interest to enforce contracts that were void from the beginning.

22.     The facts are also clear and undisputed that despite the notice of rescission served on Countrywide Home Loans, Inc., Defendant BNYU acted in violation of federal laws, including the Truth In Lending Act, by continuing its collection activities, in reliance on a void and unenforceable Note and Deed of Trust.

23.     The actions of Defendants, BNYM, ZIEVE, and RICK that violated federal law include but are not limited to:

      a. Holding or causing a non-judicial sale to take place, in an effort to collect a purported debt, and in reliance on rescinded and cancelled documents.

## COUNT I

### PLAINTIFFS ARE ENTITLED TO DECLARATORY RELIEF BASED ON THEIR LEGAL RESCISSION UNDER TILA CONCERNING 11850 MAPLE STREET, WHITTIER, CALIFORNIA 90601

24.     Plaintiff re-alleges each of the allegations 1 through 23, as if set forth fully herein.

25.     TILA gives borrowers a "right to rescind" for some kinds of consumer credit transactions; 15 U.S.C. § 1635(a); see 15 U.S.C. § 1635(d) (right to rescind is un-waivable except in emergency circumstances). Rescission applies to transactions in which a creditor takes a security interest in an obligor's "principal dwelling" and in return, provides money on property the obligor uses for non-business purposes; 15 U.S.C.

§ 1635(a). In 1974 TILA was amended to limit the time an obligor had to rescind a transaction to three (3) years after the consummation of the transaction or sale of the property; 15 U.S.C. § 1635(f).

26.     Of primary concern, and importance, as *clarified* in the United States Supreme Court in *Jesinoski v. Countrywide Home Loans, Inc.*, 135 S. Ct. 790, 190 L. Ed. 2d 650, 574 U.S. (2015), the obligor's exercise of the rescission triggers a series of steps through which the transaction is unwound. *See Beach*, 523 U.S. at 412-413.

First, when an obligor exercises his right to rescind, he is not liable for any finance charge or other charge, and *any security interest given by the obligor becomes void upon rescission;* 15 U.S.C. § 1635(b).

Second, within twenty days after receipt of the notice of rescission, the creditor shall return to the obligor any money or property given as earnest money, down payment or otherwise, and shall take any action necessary or appropriate to *reflect termination of any security interest* created under the transaction. *Ibid.*

Third, upon performance by the creditor's obligations under this section, the obligor shall tender any property the creditor has previously delivered (or its reasonable value). *Ibid.*

Pursuant to Reg. Z, notice is given by mail, telegram, or other means of written communication.  12 C.F.R.226.23(a)(2);  See 12 C.F.R. Pt. 226, Apps. H-8, H-9 (Model forms for excising Rescission Right); 12 C.F.R. 1026.23(a)(2).

27.     Erroneously, lower Courts have misinterpreted § 1635 as requiring the obligor to file a lawsuit to effect rescission. However, the plain language of the statute puts no such requirement on the obligor. That provision "says nothing in terms of an action" or a "suit's commencement"; rather it speaks to the "duration" of the rescission right. *Beach v. Ocwen Fed. Bank,* 523 U.S. 410, 417 (1998). The *Supreme Court* found

- 6 -

that nowhere does § 1635(a) allow for a debate as to disputed or undisputed notices; simply put, the transaction and its contracts are *void as a matter of law* upon mailing of the Notice of Rescission. *Jesionski, supra,* at 793. Based on the clarification of the TILA rescission by the *Supreme Court,* Plaintiff's contracts became *void* as of April 5, 2009. Regardless to whether the creditor fulfills its legal requirement to return all funds paid on the loan, to reflect the termination of the security instrument, the loan no longer exists; the contracts are void, and any acts by any party based on the loan or contracts are illegal.

### Burden of Proof and Elements

28.     All Plaintiffs are required to show is that the loan was rescinded by virtue of written notice. PERIOD. They have done so, providing their sworn testimony and evidence.

### Elements are by matter of law Proven by No Response to Letter;
### As a Matter of Law the Rescission was Effective as of April 5, 2009.

29.     The letter was mailed on or about April 5, 2009; the named creditor had twenty (20) days to file an action in dispute of the notice of rescission, and chose not to do so. The loan and contracts are void and must be cancelled, as a matter of law, effective April 5, 2009.

30.     Attached to this Complaint is an appendix. All documents in the appendix are incorporated in this Complaint.

### RELIEF REQUESTED

WHEREFORE, Plaintiffs hereby request Declaratory Relief, per the April 5, 2009 rescission, as follows:

a.  That Plaintiffs' title to the subject property be declared to be free of the claims of Defendants, their agents, officers, successors or assigns or its predecessors;

b.  That any foreclosure of Plaintiffs' voided mortgage be deemed null and void;

c. That BNYM, it agents, assignees be permanently enjoined from asserting any claims against the Plaintiffs relating to the Maple Property; and

d. That all improper clouds on the title to the Maple Property, evidenced by documents recorded on or against title to the subject property in the Los Angeles County, California public land records after April 5, 2009, be declared null and void.

Dated: April 8, 2016          By: _____
                                   JOSEPH A. GAYTAN


                              By: _____
                                   ANITA SHELINE GAYTAN

- 8 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Exhibit A

RECORDING REQUESTED BY

WHEN RECORDED MAIL TO

**REGIONAL TRUSTEE SERVICES CORPORATION**
616 1st Avenue, Suite 500
Seattle, WA 98104

Trustee's Sale No:       05-FSL-131820

APN#            8134-008-013
Address         11850 MAPLE STREET
                WHITTIER, CA 90601

## *FSL1318200153000000*

### NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

**_ATTENTION RECORDER_: THE FOLLOWING REFERENCE TO AN ATTACHED SUMMARY IS APPLICABLE TO THE NOTICE PROVIDED TO THE TRUSTOR ONLY**

NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED
注：本文件包含一个信息摘要
참고사항: 본 첨부 문서에 정보 요약서가 있습니다
NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO
TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP
LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY

### IMPORTANT NOTICE

**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS, IT MAY BE SOLD WITHOUT ANY COURT ACTION,** and you may have the legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five business days prior to the date set for the sale of your property. No sale date may be set until 90 days from the date this notice of default may be recorded (which date of recordation appears on this notice). This amount is $119,162.48 as of 6/18/2014, and will increase until your account becomes current.

While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your note and deed of trust or mortgage. If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing. In addition, the beneficiary or mortgagee may require as a condition to reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Page 1 of 3                                                        CA NOD

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay. You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made. However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the Notice of Sale is posted (which may not be earlier than the end of the three-month period stated above) to, among other things (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).

Pursuant to California Civil Code Section 2923.5 or 2923.55, for mortgages or deeds of trust that are secured by owner-occupied residential real property containing no more than four dwelling units, attached is a declaration stating that the loan servicer has contacted the borrower, tried with due diligence to contact the borrower as required by this section, or no contact was required because the individual did not meet the definition of "borrower" pursuant to California Civil Code Section 2920.5(c).

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor.

To find out the amount you must pay, or to arrange for payment to stop the foreclosure or if your property is in foreclosure for any other reason, contact:

SPECIALIZED LOAN SERVICING LLC
C/O REGIONAL SERVICE CORPORATION
616 1st Avenue, Suite 500
Seattle, WA 98104
(206) 340-2550

If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan. Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale, provided the sale is concluded prior to the conclusion of the foreclosure.

Remember, YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.

NOTICE IS HEREBY GIVEN that REGIONAL SERVICE CORPORATION, is either the duly appointed Trustee, the substitute Trustee or acting as agent for the Beneficiary under a Deed of Trust dated 7/26/2006, executed by JOSEPH A GAYTAN, AND ANITA SHELINE GAYTAN, HUSBAND AND WIFE AS JOINT TENANTS, as Trustor, to secure obligations in favor of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR COUNTRYWIDE HOME LOANS, INC., TS SUCCESSORS AND ASSIGNS, as Beneficiary, recorded 8/1/2006 , as Instrument No. 06 1700977,  of Official Records in the office of the Recorder of LOS ANGELES County, CALIFORNIA, as more fully described on said deed of trust including one note(s) for the sum of $360,000.00.  That a breach of, and default in, the obligations for which such Deed of Trust is security has occurred as follows:

FAILURE TO PAY INSTALLMENTS OF PRINCIPAL, INTEREST, IMPOUNDS AND LATE CHARGES WHICH BECAME DUE 10/1/2010 TOGETHER WITH ALL SUBSEQUENT INSTALLMENTS OF PRINCIPAL, INTEREST, IMPOUNDS, LATE CHARGES, FORECLOSURE FEES AND EXPENSES; ANY ADVANCES WHICH MAY HEREAFTER BE MADE; ALL OBLIGATIONS AND INDEBTEDNESSES AS THEY BECOME DUE; AND ANY INSTALLMENTS ALREADY MADE, THAT AT A LATER DATE PROVE TO BE INVALID.

Now, therefore, the undersigned by reason of the breach and default in the performance of the obligation secured by the Deed of Trust, does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.

Dated: 6/18/2014                Regional Service Corporation, Trustee or Agent for Beneficiary

By _____

MELANIE BEAMAN, AUTHORIZED AGENT

## CALIFORNIA DECLARATION OF COMPLIANCE
### (Civil Code § 2923.55(c))

Borrower(s): JOSEPH A GAYTAN, ANITA SHELIN GAYTAN
Mortgage Servicer: Specialized Loan Servicing LLC
Property Address: 11850 MAPLE ST
WHITTIER, CA 90601
T.S No: 05-FSL-131820

The undersigned, as an authorized agent or employee of the mortgage servicer named below, declares that:

1. ☐ The mortgage servicer has contacted the Borrower pursuant to California Civil Code § 2923.55(b)(2) to "assess the borrower's financial situation and explore options for the borrower to avoid foreclosure". Thirty (30) days, or more, have passed since the initial contact was made.

2. ☒ The mortgage servicer has exercised due diligence to contact the borrower pursuant to California Civil Code § 2923.55(f) to "assess the borrower's financial situation and explore options for the borrower to avoid foreclosure". Thirty (30) days, or more, have passed since these due diligence efforts were satisfied.

3. ☐ No contact was required by the mortgage servicer because the individual did not meet the definition of 'borrower" pursuant to California Civil Code subdivision (c) of § 2920.5(c).

4. ☐ The requirements of California Civil Code § 2923.55 do not apply because the loan is not secured by a first lien mortgage or deed of Trust on "owner occupied" residential real property as defined by California Civil Code § 2924.15.

I certify and represent that this mortgage servicer's declaration is accurate, complete and based upon competent and reliable evidence, which the mortgage servicer has reviewed including my review of the mortgage servicer's business records, to substantiate the borrower's default and the right to foreclose, including the borrower's loan status and loan information.

Date:

**MAY 0 1 2014**

Specialized Loan Servicing LLC as servicer for The Bank of New York Mellon FKA The Bank of New York, as Trustee for the certificateholders of the CWABS, Inc., ASSET-BACKED CERTIFICATES, SERIES 2006-15

By: Cynthia Wallace
Second Assistant Vice President

ATTACHMENT TO NOTICE OF DEFAULT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit B

[RECORDING REQUESTED BY]
Law Offices of Les Zieve

[WHEN RECORDED MAIL TO:]
Law Offices of Les Zieve
30 Corporate Park, Suite 450
Irvine, CA 92606

T.S. No. 15-36538                    APN: 8134-008-013

[SPACE ABOVE THIS LINE FOR RECORDER'S USE ONLY]

## NOTICE OF TRUSTEE'S SALE

**PURSUANT TO CIVIL CODE § 2923.3(a), THE SUMMARY OF INFORMATION REFERRED TO BELOW IS NOT ATTACHED TO THE RECORDED COPY OF THIS DOCUMENT BUT ONLY TO THE COPIES PROVIDED TO THE TRUSTOR.**

NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED
注：本文件包含一个信息摘要
참고사항: 본 첨부 문서에 정보 요약서가 있습니다
NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO
TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP
LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY

**YOU ARE IN DEFAULT UNDER A DEED OF TRUST DATED 7/26/2006. UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT A LAWYER.**

A public auction sale to the highest bidder for cash, cashier's check drawn on a state or national bank, check drawn by a state or federal credit union, or a check drawn by a state or federal savings and loan association, or savings association, or savings bank specified in Section 5102 of the Financial Code and authorized to do business in this state will be held by the duly appointed trustee as shown below, of all right, title, and interest conveyed to and now held by the trustee in the hereinafter described property under and pursuant to a Deed of Trust described below. The sale will be made, but without covenant or warranty, expressed or implied, regarding title, possession, or encumbrances, to pay the remaining principal sum of the note(s) secured by the Deed of Trust, with interest and late charges thereon, as provided in the note(s), advances, under the terms of the Deed of Trust, interest thereon, fees, charges and expenses of the Trustee for the total amount (at the time of the initial publication of the Notice of Sale) reasonably estimated to be set forth below. The amount may be greater on the day of sale.

**Trustor: JOSEPH A GAYTAN AND ANITA SHELINE GAYTAN, HUSBAND AND WIFE AS JOINT TENANTS**
Duly Appointed Trustee: LAW OFFICES OF LES ZIEVE  Deed of Trust recorded 8/1/2006 as Instrument No. 06 1700977 in book , page   of Official Records in the office of the Recorder of Los Angeles County, California,
Date of Sale:12/16/2015 at 11:00 AM
Place of Sale:      By the fountain located at 400 Civic Center Plaza, Pomona, CA 91766
Estimated amount of unpaid balance and other charges: **$515,746.38**



Note: Because the Beneficiary reserves the right to bid less than the total debt owed, it is possible that at the time of the sale the opening bid may be less than the total debt owed.

Street Address or other common designation of          11850 MAPLE STREET
real property:                                          WHITTIER, California 90601
Described as follows:
As more fully described on said Deed of Trust.

A.P.N #: 8134-008-013
The undersigned Trustee disclaims any liability for any incorrectness of the street address or other common designation, if any, shown above. If no street address or other common designation is shown, directions to the location of the property may be obtained by sending a written request to the beneficiary within 10 days of the date of first publication of this Notice of Sale.

NOTICE TO POTENTIAL BIDDERS: If you are considering bidding on this property lien, you should understand that there are risks involved in bidding at a trustee auction. You will be bidding on a lien, not on the property itself. Placing the highest bid at a trustee auction does not automatically entitle you to free and clear ownership of the property. You should also be aware that the lien being auctioned off may be a junior lien. If you are the highest bidder at the auction, you are or may be responsible for paying off all liens senior to the lien being auctioned off, before you can receive clear title to the property. You are encouraged to investigate the existence, priority, and size of outstanding liens that may exist on this property by contacting the county recorder's office or a title insurance company, either of which may charge you a fee for this information. If you consult either of these resources, you should be aware that the same lender may hold more than one mortgage or deed of trust on the property.

NOTICE TO PROPERTY OWNER: The sale date shown on this notice of sale may be postponed one or more times by the mortgagee, beneficiary, trustee, or a court, pursuant to Section 2924g of the California Civil Code. The law requires that information about trustee sale postponements be made available to you and to the public, as a courtesy to those not present at the sale. If you wish to learn whether your sale date has been postponed, and, if applicable, the rescheduled time and date for the sale of this property, you may call (714) 848-9272 or visit this Internet Web site www.elitepostandpub.com, using the file number assigned to this case: 15-36538. Information about postponements that are very short in duration or that occur close in time to the scheduled sale may not immediately be reflected in the telephone information or on the Internet Web site. The best way to verify postponement information is to attend the scheduled sale.

Dated: 11/18/2015          Law Offices of Les Zieve, as Trustee
                           30 Corporate Park, Suite 450
                           Irvine, CA 92606
                           For Non-Automated Sale Information, call: (714) 848-7920
                           For Sale Information: (714) 848-9272   www.elitepostandpub.com


                           Rick Mroczek, Trustee Sale Officer

THIS FIRM IS ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION WE OBTAINED WILL BE USED FOR THAT
PURPOSE

1
2
3
4          Exhibit C
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

April 5, 2009

Joseph Gaytan
2033 East Oasis Street
Mesa AZ 85213

TO: COUNTRYWIDE HOME LOANS, INC.
    4500 Park Granada MSN# SVB-312
    Calabasas, CA 91302

TO: ReconTrust Company, N.A.
    225 West Hillcrest Dr., MSN TO-02
    Thousand Oaks, CA 91360

Loan Number:        MIN 1000157-0007060610-4
Property Address:    11850 Maple Street
                     Whittier, CA 90601

To whom it may concern:

I cancel/rescind the above referenced loan.

_____
Joseph Gaytan

1
2
3
4

# Exhibit D

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

2015 WL 144681
United States Supreme Court.

LARRY D. JESINOSKI,
et ux., PETITIONERS
v.
COUNTRYWIDE HOME
LOANS, INC., et al.

No. 13–684   |   Argued November
4, 2014   |   Decided January 13, 2015

**Syllabus** [*]

Exactly three years after borrowing money
from respondent Countrywide Home Loans,
Inc., to refinance their home mortgage,
petitioners Larry and Cheryle Jesinoski
sent Countrywide and respondent Bank of
America Home Loans, which had acquired
Countrywide, a letter purporting to rescind the
transaction. Bank of America replied, refusing
to acknowledge the rescission's validity. One
year and one day later, the Jesinoskis filed
suit in federal court, seeking a declaration
of rescission and damages. The District
Court entered judgment on the pleadings for
respondents, concluding that a borrower can
exercise the Truth in Lending Act's right to
rescind a loan, see 15 U. S. C. §1635(a), (f),
only by filing a lawsuit within three years
of the date the loan was consummated. The
Jesinoskis' complaint, filed four years and
one day after the loan's consummation, was
ineffective. The Eighth Circuit affirmed.

*Held*: A borrower exercising his right to rescind
under the Act need only provide written notice
to his lender within the 3-year period, not
file suit within that period. Section 1635(a)'s

unequivocal terms—a borrower "shall have the
right to rescind . . . *by notifying the creditor
. . . of his intention to do so*" (emphasis added)
—leave no doubt that rescission is effected
when the borrower notifies the creditor of his
intention to rescind. This conclusion is not
altered by §1635(f), which states *when* the
right to rescind must be exercised, but says
nothing about *how* that right is exercised. Nor
does §1635(g)—which states that "in addition
to rescission the court may award relief . . .
not relating to the right to rescind"—support
respondents' view that rescission is necessarily
a consequence of judicial action. And the
fact that the Act modified the common-law
condition precedent to rescission at law, see
§1635(b), hardly implies that the Act thereby
codified rescission in equity. Pp. 2–5.

729 F. 3d 1092, reversed and remanded.

SCALIA, J., delivered the opinion for a
unanimous Court.

ON WRIT OF CERTIORARI TO THE
UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

**Opinion**

JUSTICE SCALIA delivered
the opinion of the Court.

The Truth in Lending Act gives borrowers the
right to rescind certain loans for up to three
years after the transaction is consummated.
The question presented is whether a borrower
exercises this right by providing written no- tice
to his lender, or whether he must also file a
lawsuit before the 3-year period elapses.

On February 23, 2007, petitioners Larry and Cheryle Jesinoski refinanced the mortgage on their home by borrowing $611,000 from respondent Countrywide Home Loans, Inc. Exactly three years later, on February 23, 2010, the Jesinoskis mailed respondents a letter purporting to rescind the loan. Respondent Bank of America Home Loans replied on March 12, 2010, refusing to acknowledge the validity of the rescission. On February 24, 2011, the Jesinoskis filed suit in Federal District Court seeking a declaration of rescission and damages.

Respondents moved for judgment on the pleadings, which the District Court granted. The court concluded that the Act requires a borrower seeking rescission to file a lawsuit within three years of the transaction's consummation. Although the Jesinoskis notified respondents of their intention to rescind within that time, they did not file their first complaint until four years and one day after the loan's consummation. 2012 WL 1365751, *3 (D Minn., Apr. 19, 2012). The Eighth Circuit affirmed. 729 F. 3d 1092, 1093 (2013) (*per curiam*).

Congress passed the Truth in Lending Act, 82 Stat. 146, as amended, to help consumers "avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing." 15 U. S. C. §1601(a). To this end, the Act grants borrowers the right to rescind a loan "until midnight of the third business day following the consummation of the transaction or the delivery of the [disclosures required by the Act], whichever is later, by notifying the creditor, in accordance with regulations of the [Federal Reserve] Board, of his intention to do so." §1635(a) (2006 ed.).[1] This regime grants borrowers an unconditional right to rescind for three days, after which they may rescind only if the lender failed to satisfy the Act's disclosure requirements. But this conditional right to rescind does not last forever. Even if a lender *never* makes the required disclosures, the "right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever comes first." §1635(f). The Eighth Circuit's affirmance in the present case rested upon its holding in *Keiran* v. *Home Capital, Inc.*, 720 F. 3d 721, 727–728 (2013) that, unless a borrower has filed a suit for rescission within three years of the transaction's consummation, §1635(f) extinguishes the right to rescind and bars relief.

That was error. Section 1635(a) explains in unequivocal terms how the right to rescind is to be exercised: It provides that a borrower "shall have the right to rescind . . . *by notifying the creditor, in accordance with regulations of the Board, of his intention to do so*" (emphasis added). The language leaves no doubt that rescission is effected when the borrower notifies the creditor of his intention to rescind. It follows that, so long as the borrower notifies within three years after the transaction is consummated, his rescission is timely. The statute does not also require him to sue within three years.

Nothing in §1635(f) changes this conclusion. Although §1635(f) tells us *when* the right to rescind must be exercised, it says nothing about *how* that right is exercised. Our observation in *Beach* v. *Ocwen Fed. Bank*, 523 U. S. 410, 417

(1998), that §1635(f) "govern[s] the life of the underlying right" is beside the point. That case concerned a borrower's attempt to rescind in the course of a foreclosure proceeding initiated six years after the loan's consummation. We concluded only that there was "no federal right to rescind, defensively or otherwise, after the 3-year period of §1635(f) has run," *id.,* at 419, not that there was no rescission until a suit is filed.

Respondents do not dispute that §1635(a) requires only written notice of rescission. Indeed, they concede that written notice suffices to rescind a loan within the first three days after the transaction is consummated. They further concede that written notice suffices after that period if the parties agree that the lender failed to make the required disclosures. Respondents argue, however, that if the parties dispute the adequacy of the disclosures—and thus the continued availability of the right to rescind—then written notice *does not* suffice.

Section 1635(a) nowhere suggests a distinction between disputed and undisputed rescissions, much less that a lawsuit would be required for the latter. In an effort to sidestep this problem, respondents point to a neighboring provision, §1635(g), which they believe provides support for their interpretation of the Act. Section 1635(g) states merely that, "[i]n any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind." Respondents argue that the phrase "award relief" "in addition to rescission" confirms that rescission is a consequence of judicial action. But the fact that it can be a consequence of judicial action when §1635(g) is triggered in no way suggests that it can *only* follow from such action. The Act contemplates various situations in which the question of a lender's compliance with the Act's disclosure requirements may arise in a lawsuit—for example, a lender's foreclosure action in which the borrower raises inadequate disclosure as an affirmative defense. Section 1635(g) makes clear that a court may not only award rescission and thereby relieve the borrower of his financial obligation to the lender, but may also grant any of the remedies available under §1640 (including statutory damages). It has no bearing upon whether and how borrower-rescission under §1635(a) may occur.

Finally, respondents invoke the common law. It is true that rescission traditionally required either that the rescinding party return what he received before a rescission could be effected (rescission at law), or else that a court affirmatively decree rescission (rescission in equity). 2 D. Dobbs, Law of Remedies §9.3(3), pp. 585–586 (2d ed. 1993). It is also true that the Act disclaims the common-law condition precedent to rescission at law that the borrower tender the proceeds received under the transaction. 15 U. S. C. §1635(b). But the negation of rescission-at-law's tender requirement hardly implies that the Act codifies rescission in equity. Nothing in our jurisprudence, and no tool of statutory interpretation, requires that a congressional Act must be construed as implementing its closest common-law analogue. Cf. *Astoria Fed. Sav. & Loan Assn.* v. *Solimino,* 501 U. S. 104, 108–109 (1991). The clear import of §1635(a) is that a borrower need only provide written

LARRY D. JESINOSKI, et ux., PETITIONERS v...., --- S.Ct. ---- (2015)

notice to a lender in order to exercise his right to rescind. To the extent §1635(b) alters the traditional process for unwinding such a unilaterally rescinded transaction, this is simply a case in which statutory law modifies common-law practice.

\* \* \*

The Jesinoskis mailed respondents written notice of their intention to rescind within three years of their loan's consummation. Because this is all that a borrower must do in order to exercise his right to rescind under the Act, the court below erred in dismissing the complaint. Accordingly, we reverse the judgment of the Eighth Circuit and remand the case for further proceedings consistent with this opinion.

It is so ordered.

### Footnotes

\*    The syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader. See *United States* v. *Detroit Timber & Lumber Co.,* 200 U. S. 321, 337.

1    Following the events in this case, Congress transferred the author- ity to promulgate rules implementing the Act to the Consumer Finance Protection Bureau. See Dodd-Frank Wall Street Reform and Consumer Protection Act, §§1061(b)(I), 1100A(2), 1100H, 124 Stat. 2036, 2107, 2113.

**End of Document**                                   © 2015 Thomson Reuters. No claim to original U.S. Government Works.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Exhibit E

# CALIFORNIA ALL- PURPOSE
# CERTIFICATE OF ACKNOWLEDGMENT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California _____ }

County of _Los Angeles_____ }

On _April 8, 2016_____ before me, _Alejandra Fernandez, Notary Public_
(Here insert name and title of the officer)

personally appeared _Joseph Gaytan and Anita Gaytan._
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____
Notary Public Signature                    (Notary Public Seal)

ALEJANDRA FERNANDEZ
COMM. #2106555
Notary Public - California
Los Angeles County
My Comm. Expires May 9, 2019

## ADDITIONAL OPTIONAL INFORMATION

DESCRIPTION OF THE ATTACHED DOCUMENT

_Court docs._
(Title or description of attached document)

_____
(Title or description of attached document continued)

Number of Pages _____ Document Date_____

CAPACITY CLAIMED BY THE SIGNER
☐ Individual (s)
☐ Corporate Officer
_____
(Title)
☐ Partner(s)
☐ Attorney-in-Fact
☐ Trustee(s)
☐ Other _____

2015 Version www.NotaryClasses.com 800-873-9865

### INSTRUCTIONS FOR COMPLETING THIS FORM

*This form complies with current California statutes regarding notary wording and, if needed, should be completed and attached to the document. Acknowledgments from other states may be completed for documents being sent to that state so long as the wording does not require the California notary to violate California notary law.*

- State and County information must be the State and County where the document signer(s) personally appeared before the notary public for acknowledgment.
- Date of notarization must be the date that the signer(s) personally appeared which must also be the same date the acknowledgment is completed.
- The notary public must print his or her name as it appears within his or her commission followed by a comma and then your title (notary public).
- Print the name(s) of document signer(s) who personally appear at the time of notarization.
- Indicate the correct singular or plural forms by crossing off incorrect forms (i.e. he/she/they, is /are ) or circling the correct forms. Failure to correctly indicate this information may lead to rejection of document recording.
- The notary seal impression must be clear and photographically reproducible. Impression must not cover text or lines. If seal impression smudges, re-seal if a sufficient area permits, otherwise complete a different acknowledgment form.
- Signature of the notary public must match the signature on file with the office of the county clerk.
  - ❖ Additional information is not required but could help to ensure this acknowledgment is not misused or attached to a different document.
  - ❖ Indicate title or type of attached document, number of pages and date.
  - ❖ Indicate the capacity claimed by the signer. If the claimed capacity is a corporate officer, indicate the title (i.e. CEO, CFO, Secretary).
- Securely attach this document to the signed document with a staple.