H.G. LONG, ESQ. (SBN 127735)
H.G. LONG & ASSOCIATES
474 West Orange Show Road
San Bernardino, California 92408

Tel: (909) 332-6200

Attorneys for Defendant, GRIFFIN RESIDENTIAL

# UNITED STATES DISTRICT COURT
## OF THE CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| JOSEPH A. GAYTAN and ANITA SHELINE GAYTEN,<br><br>Plaintiffs,<br><br>vs.<br><br>THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF THE CWABS, INC, ASSET-BACKED CERTIFICATES, SERIES 2006-15, and GRIFFIN RESIDENTIAL; and LAW OFFICES OF LES ZIEVE; and RICK MROCZEK,<br><br>Defendants. | CASE NO. CV16-02421-BRO(JEMX)<br><br>NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT PURSUANT TO FRCP, RULE 12(b); AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF [FILED CONCURRENTLY WITH REQUEST FOR JUDICIAL NOTICE]<br><br>DATE: September 12, 2016<br>TIME: 1:30pm<br>CTRM: 14 |

TO ALL INTERESTED PARTIES AND TO THEIR ATTORNEYS OF RECORD, AND TO PLAINTIFFS, JOSEPH A. GAYTAN AND ANITA SHELINE GAYTEN:

PLEASE TAKE NOTICE that on September 12, 2016, at the hour of 1:30pm, or as soon thereafter as the matter may be heard in Courtroom 14 of the above-entitled court located at 312 N. Spring Street, Los Angeles, CA, Defendant, GRIFFIN RESIDENTIAL, and does hereby, move to dismiss the Complaint, in its entirety

1

1    The motion will be made, and is made, upon the ground that the Complaint fails to state a
2 claim for relief, and as to Plaintiff, Anita Sheline Gaytan, the individual purporting to represent
3 her in this action; Joseph A. Gaytan is not a licensed attorney and may not, as a matter of law,
4 represent another party.
5    The motion is based on this notice, the attached memorandum of points and authorities,
6 and the request for judicial notice filed herewith, upon all of the papers and records on file in this
7 action, and upon such other and further oral and documentary evidence as may be presented at
8 the hearing.
9 DATED: July 14, 2016

H.G. LONG & ASSOCIATES

BY: _____
H.G. LONG, ESQ.
Attorney for Defendant,
GRIFFIN RESIDENTIAL

2

**MOTION TO DISMISS COMPLAINT**

## MEMORANDUM OF POINTS AND AUTHORITIES

**PRELIMINARY STATEMENT**

Plaintiffs have filed a Complaint for declaratory relief essentially claiming that a note secured by deed of trust was rescinded by them due to violations of the Truth in Lending Act. Paragraph 7 contains the only allegation that pertains to this moving Defendant, Griffin Residential (hereinafter "Griffin"). Plaintiffs allege, "At all relevant times, GRIFFIN may have been an affected party who may claim an interest in the subject property, pursuant to a purported Trustee's Deed Upon Sale." There are no allegations anywhere in the Complaint that Griffin was a lender, beneficiary of a deed of trust, or had any connection to the underlying note secured by deed of trust. Plaintiffs seek declaratory relief, but as between Plaintiff and Griffin, there is, in fact, no alleged controversy or issue.

While Plaintiffs falsely allege that Griffin has an interest in the property by reason of a trustee's deed upon sale, the documents attached to the request for judicial notice filed herewith, reflect that Griffin did not, in fact, purchase the property at the trustee's deed upon sale, and that actual party who was the purchaser has not been named in the present lawsuit.

The trustee's deed upon sale reflects that the subject property was sold to GB Inland Properties, LLC (hereinafter "GB Inland"), who is not named as party in this action. GB Inland was not the beneficiary under the deed of trust and paid the sum of $429,500.00 to purchase the property. There is nothing in the Complaint to indicate that GB Inland or Griffin had any actual or constructive notice that Plaintiffs were claiming to have rescinded the note secured by deed of trust leading to the foreclosure. Even had GB Inland been named as a defendant, it was a bona fide purchaser for value and there is no allegation it had any actual or constructive notice of Plaintiffs' claims forming the basis for their declaratory relief action.

**MOTION TO DISMISS COMPLAINT**

**DISCUSSION**

**I**

**JOSEPH A. GAYTAN, WHO IS A NON-LAWYER,**

**MAY NOT APPEAR ON BEHALF OF PLAINTIFF,**

**ANITA SHELINE GAYTAON**

A non-lawyer may not represent another litigant as a matter of law and may not so appear nominally on behalf of himself even the outcome will benefit third parties. (E.g., see: C.E. Pope Equity Trust v. U.S., 818 F.2d 696, 697 (9th Cir. 1987) ["*Although a non-attorney may appear in propria persona in his own behalf, that privilege is personal to him. McShane v. United States, 366 F.2d 286, 288 (9th Cir.1966). He has no authority to appear as an attorney for others than himself. Russell v. United States, 308 F.2d 78, 79 (9th Cir.1962); Collins v. O'Brien, 208 F.2d 44, 45 (D.C.Cir.1953), cert. denied, 347 U.S. 944, 74 S.Ct. 640, 98 L.Ed. 1092 (1954)....*"]; AT&T Mobility, LLC v. Yeager, 143 F.Supp.3d 1042 (E.D. Cal. 2015) ["*...a non-lawyer 'has no authority to appear as an attorney for others than himself,' ...*"]; also see: In re Heal 442 B.R. 137, 139 (Bankr. N.D. Cal. 2010) ["*...a non-lawyer may not appear nominally on his own behalf if the outcome might benefit third parties. C.E. Pope Equity Trust v. U.S., 818 F.2d 696, 698 (9th Cir.1987); Jones v. Correctional Medical Services, Inc., 401 F.3d 950, 952 (8th Circ.2005); Pridgen v. Andresen, 113 F.3d 391 (2nd Cir.1997). The statute may not be circumvented through a purported assignment of claims. See, e.g., Palazzo v. Gulf Oil Corp., 764 F.2d 1381 (11th Cir.1985); Jones v. Niagara Frontier Trans. Auth., 722 F.2d 20, 22 (2d Cir.1983); Bischoff v. Waldorf, 660 F.Supp.2d 815, and cases collected therein at 820–821 (E.D.Mich.2009); Adams v. Thomas, 387 B.R. 808, 815–16 (D.Colo.2008).*"].)

**MOTION TO DISMISS COMPLAINT**

In the case at bar, while somewhat ambiguous in form, the Complaint identifies only Joseph A. Gaytan as the person filing the lawsuit on page 1, lines 1-4. Yet, the caption of the pleading identifies a second party, Anita Sheline Gaytan as an additional Plaintiff. Joseph A. Gaytan may not represent Anita Sheline Gaytan in this action.

## II

## THE COMPLAINT FAILS TO STATE A CLAIM AGAINST GRIFFIN

FRCP, Rule 12(b)(6) provides that a party may move to dismiss for "failure to state a claim upon which relief can be granted".

In ruling on a motion to dismiss, the court may take judicial notice of documents supporting the motion, such as public records. (E.g., see: Mir v. Little Co. of Mary Hosp. 844 F.2d 646, 649 (9th Cir. 1988) ["*In addition to the complaint, it is proper for the district court to "take judicial notice of matters of public record outside the pleadings" and consider them for purposes of the motion to dismiss. MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir.1986) (court took judicial notice of motion to dismiss filed in a separate suit and considered it in the motion to dismiss before them); see also Mack, 789 F.2d at 1282 (court took judicial notice of records in a state administrative proceeding and considered them in the motion to dismiss).*"].)

A. **THE COMPLAINT FAILS TO ALLEGE THE ELEMENTS OF A CLAIM FOR DECLARATORY RELIEF AS AGAINST GRIFFIN, AND BASED ON THE DOCUMENTS ATTACHED TO THE REQUEST FOR JUDICIAL NOTICE, THERE IS NO ACTUAL CONTROVERSY BETWEEN PLAINTIFFS AND GRIFFIN**

As a preliminary matter, it is questionable whether declaratory relief is a cause of action

at all. (See: Stewart v. Screen Gems-EMI Music, Inc., 81 F.Supp.3d 938 (N.D. Cal. 2015) [Under California law, a purported claim for declaratory relief is not a stand-alone claim, but rather depends upon whether or not the plaintiff states some other substantive basis for liability.]; Flores v. EMC Mortg. Co. (E.D. Cal. 2014) 997 F.Supp.2d 1088, 1111 [*"A declaratory judgment is not a theory of recovery." Commercial Union Ins. Co. v. Walbrook Ins. Co., Ltd., 41 F.3d 764, 775 (1st Cir.1994). The DJA "merely offers an additional remedy to litigants." Nat'l Union Fire Ins. Co. v. Karp, 108 F.3d 17, 21 (2nd Cir.1997) (italics in original). A DJA action requires a district court to "inquire whether there is a case of actual controversy within its jurisdiction." American States Ins. Co. v. Kearns, 15 F.3d 142, 143 (9th Cir.1994)."*].)

*"...A declaratory relief claim operates "prospectively," not to redress past wrongs. Britz Fertilizers, Inc. v. Bayer Corp., 665 F.Supp.2d 1142, 1173 (E.D.Cal.2009)."* (Flores v. EMC Mortg. Co., supra, 997 F.Supp.2d 1088, 1111.)

To obtain declaratory relief, there must be substantial controversy between the parties. (Ibid.)

In the case at bar, other than an extremely vague statement in paragraph 7 of the Complaint, Plaintiffs do not allege or identify any controversy as between them and Griffin. In fact, Plaintiffs falsely allege that Griffin's rights emanate from a trustee's deed upon sale, but, in fact, Griffin was NOT the purchaser.

In addition, a RESIDENTIAL MORTGAGE TRANSACTION CANNOT BE RESINDED UNDER THE TRUTH IN LENDING ACT. (15 U.S.C.A. § 1635(e) [*"This section does not apply to—'(1) a residential mortgage transaction as defined in section 1602(w) of this title..."*].) In the case at bar, the subject real property was a dwelling and the underlying note secured by deed of trust was a "residential mortgage". There is no right to rescind such a

6

**MOTION TO DISMISS COMPLAINT**

transaction. (Also see: <u>Lingad v. Indymac Federal Bank,</u> 682 F.Supp.2d 1142 (E.D. Cal. 2010).)

      The entire basis of Plaintiffs' claim regarding rescinding the note secured by deed of trust is without any merit as the property was a residential mortgage exempt from any right of rescission. More importantly, however, Griffin did NOT purchase the property, has no ownership interest in the property, and there is, in fact, no controversy between Plaintiffs and Griffin.

DATED: July 14, 2016

                                      H.G. LONG & ASSOCIATES

                                      BY: _____
                                      H.G. LONG, ESQ.
                                      Attorney for Defendant, Griffin Residential

**MOTION TO DISMISS COMPLAINT**

**PROOF OF SERVICE BY MAIL**

STATE OF CALIFORNIA, COUNTY OF SAN BERNARDINO

I am employed in the county aforesaid; I am over the age of eighteen years and not a party to the within entitled action; my address is 474 West Orange Show Road, San Bernardino, California 92408. The matters contained in this declaration are known to me personally and if called upon to testify as to such matters under oath in a court of law, I could and would do so competently.

On July 26, 2016, I served the attached NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT PURSUANT TO FRCP, RULE 12(b); AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF on the PLAINTIFFS in said action by placing a true copy thereof enclosed in a sealed envelope with first class mail prepaid postage thereon, under the supervision of the attorney of record for Defendant, and by placing it in the United States Mail at San Bernardino, California, addressed to:

Joseph A. Gaytan
Anita Sheline Gaytan
11850 Maple Street
Whittier, California 90601

I declare under penalty of perjury that the foregoing is true and correct. Executed at San Bernardino, California on July 26, 2016.

S McClure