1  ZIEVE, BRODNAX & STEELE, LLP
   John C. Steele, Bar No. 179875
2  Avi N. Phillips, Bar No. 275769
   30 Corporate Park, Suite 450
3  Irvine, CA  92606
   Telephone:  (714) 848-7920
4  Fax:  (714) 908-2615

5
   Attorneys for Defendants, THE BANK OF NEW YORK MELLON FKA
6  THE BANK OF NEW YORK, AS TRUSTEE FOR THE
   CERTIFICATEHOLDERS OF THE CWABS, INC., ASSET-BACKED
7  CERTIFICATES, SERIES 2006-15; LAW OFFICES OF LES ZIEVE;
   AND RICK MROCZEK
8

9
                    UNITED STATES DISTRICT COURT
10
              CENTRAL DISTRICT OF CALIFORNIA- WESTERN DIVISION
11

12

| JOSEPH A GAYTAN and ANITA SHELINE GAYTAN, | Case No.:   2:16-cv-02421 |
|---|---|
| Plaintiffs, | Date Action filed:   April 8, 2016 |
| vs. | *Assigned for All Purposes to:* Hon. Beverly Reid O'Connell Courtroom 14 |
| THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2006-15 and GRIFFIN RESIDENTIAL and LAW OFFICES OF LES ZIEVE and RICK MROCZEK, | **DEFENDANTS THE BANK OF NEW YORK MELLON, LAW OFFICES OF LES ZIEVE, AND RICK MROCZEK'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS COMPLAINT** |
| Defendants. | Date:      September 19, 2016 Time:      1:30 p.m. Dept:      14 |
|  | Trial Date:  None |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on September 19, 2016, at 1:30 p.m. or as soon thereafter as the matter may be heard in Courtroom 14 of the above-entitled

1

court located at 312 North Spring Street, Los Angeles, California 90012, Defendants The Bank of New York Mellon fka The Bank of New York, as Trustee for the Certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2006-15, Law Offices of Lez Zieve, and Rick Mroczek (collectively "Defendants") Motion to Dismiss Plaintiffs', Joseph A. Gaytan and Anita Sheline Gayton ("Plaintiffs") Complaint will be heard. The Motion is based on Plaintiffs failing to state any claim upon which relief can be granted pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure*.

Defendants' Motion to Dismiss is based on their Notice of Motion, Motion to Dismiss, Memorandum of Points and Authorities, Request for Judicial Notice, the pleadings and papers on file in this action, and on any arguments provided at the hearing. The relief sought by Defendants' Motion is dismissal of Plaintiffs' complaint with prejudice.

Counsel for Defendants tried with diligence to contact plaintiff Joseph A. Gaytan prior to filing this Motion to Dismiss pursuant to *L.R.* 7-3. Efforts to meet and confer regarding the necessity for this Motion include three phone calls over the course of four days, as well as two emails to Plaintiffs at the phone number and email listed on the Complaint. No response was received.

DATED: August 15, 2016                    ZIEVE, BRODNAX & STEELE, LLP


By: /s/ Avi Phillips
    JOHN C. STEELE, ESQ.
    AVI N. PHILLIPS, ESQ.
    Attorneys for Defendants, The Bank of New York Mellon, Law Offices of Lez Zieve, and Rick Mroczek

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Joseph A. Gaytan and Anita Sheline Gaytan have filed a Complaint that is entirely barred as a matter of law. That is because the sole theory for Plaintiffs' Complaint is that defendants violated the Truth in Lending Act by failing to act on a purported 2009 demand to rescind the a mortgage loan. Since approximately seven years have elapsed since the purported rescission demand, Plaintiffs' claims are approximately six years past the statute of repose created by 15 U.S.C. § 1640(e). Nowithstanding the legal bar, Plaintiffs' claims also fail to meet the minimum standards to adequately plead a cause of action. For these reasons, and those discussed more thoroughly below, Plaintiffs' entire Complaint, and each and every individual cause of action are subject to this Motion to Dismiss, and leave to amend is futile.

## II. STATEMENT OF FACTS

On or about July 27, 2006, Joseph A. Gaytan and Anita Sheline Gaytan (collectively "Plaintiffs") obtained a loan in the principal amount of $360,000 from Countrywide Home Loans, Inc. (the "Loan"). The Loan was secured by the real property located at 11850 Maple Street, Whittier, CA 90601, (the "Property") by a Deed of Trust recorded in the Official Records of the Los Angeles County Recorder's Office on August 1, 2006 as Document No. 06 1700977 (the "DOT"). *See* Request for Judicial Notice ("RJN"), Exhibit A.

On August 29, 2011, an Assignment of Deed of Trust was recorded reflecting that The Bank Of New York Mellon FKA The Bank of New York For The Certificateholders Of The CWABS Inc. Asset-Backed Certificates, Series 2006-15 was assigned the beneficial interest in the Loan and the DOT. *See* RJN Exhibit B.

Plaintiffs failed to make their Loan payments. Accordingly, on September 14, 2011 a Notice of Default was recorded reflecting that Plaintiffs were approximately $30,092.03 in arrears on their Loan. *See* RJN Exhibit C. Plaintiffs failed to cure their default. Thus, on December 19, 2011, a Notice of Trustee's Sale was recorded

reflecting that the balance of the Loan had swelled to approximately $384,313.98. *See* RJN Exhibit D.

Approximately three years later, Plaintiffs remained in default on their loan. Therefore, on June 24, 2014, a *second* Notice of Default was recorded. *See* RJN Exhibit E. This second Notice of Default indicated Plaintiffs' arrearages on the Loan had ballooned to approximately $119,162.48 (an amount almost one third of the original Loan balance and which included the carrying costs for the Property such as hazard insurance and property taxes.) *Id*. Plaintiffs default persisted. Consequently, on October 24, 2014, a second Notice of Trustee's Sale was recorded. *See* RJN Exhibit F. This Notice of Trustee's Sale reflected an outstanding Loan balance of approximately $472,830.11 as of October 24, 2014 and set the trustee's sale for December 1, 2014. *Id.* However, the trustee's sale did not take place on that day.

Instead, on November 20, 2015, a Substitution of Trustee was recorded reflecting that the Law Offices of Les Zieve were substituted as the Trustee under the DOT. *See* RJN Exhibit G. Plaintiffs meanwhile remained in default on their obligation to make monthly Loan payments. Accordingly, also recorded on November 20, 2015 was a *third* Notice of Trustee's Sale. *See* RJN Exhibit H. This Notice of Trustee's sale was signed by defendant Rick Mroczek, as Trustee Sale Officer and indicated that Plaintiffs' unpaid obligations under the Loan had grown to approximately $515,746.38. *Id.*

With Plaintiffs' default uncured, the Property was sold on March 29, 2016 to GB Inland Properties. *See* RJN Exhibit I. The Trustee's Deed Upon Sale evidencing the sale was recorded on April 13, 2016. *Id.*

In an obvious attempt to stall and/or avoid being ousted by Inland Properties, Plaintiff Anita Gaytan filed a Voluntary Petition for Chapter 13 Bankruptcy on June 16, 2016. *See* RJN Exhibit J. GB obtained relief from the bankruptcy stay on July 27, 2016 and on August 4, 2016, Anita Gaytan was dismissed for failure to appear at the 341(a) meeting. *Id* at entry nos. 21, 24.

### III. DISCUSSION

#### A. STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) of the *Federal Rules of Civil Procedure* tests the legal sufficiency of the claims asserted. *De La Cruz v. Tormey*, 582 F. 2d 45, 48 (9th Cir. 1978); *Chavez v. I.N.S.*, 17 F. Supp. 2d 1141, 1143 (S.D. Cal. 1998). To survive a motion to dismiss, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 US 544, 556 – 57 (2007).

To determine if a complaint is "plausible," the Court must "accept as true all of the factual allegations set out in plaintiff's complaint, draw inferences from those allegations in the light most favorable to plaintiff, and construe the complaint liberally." *Rescuecom Corp. v. Google Inc.*, 562 F. 3d 123, 127 (2nd Cir. 2009). However, Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atlantic Corp. v. Twombly, supra*, 550 U.S. at 555 (*emphasis added*). Further, the Court, drawing "on its judicial experience and common sense," must decide in the specific context of the case whether the factual allegations, if assumed true, allege a plausible claim. *Id.*

Typically, the scope of review on a motion to dismiss for failure to state a claim is limited to the contents of the complaint. *See Clegg v. Cult Awareness Network*, 18 F. 3d 752, 754 (9th Cir. 1994). The Court will dismiss a claim pursuant to Rule 12(b)(6) if the complaint, when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a claim. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). A dismissal may be based on either: (1) a cognizable legal theory; or (2) an absence of sufficient facts alleged under a cognizable legal theory. *Shroyer v. New Cingular Wireless Services, Inc.*, 622 F. 3d 1035, 1041 (9th Cir. 2010). In granting a motion under Rule 12(b)(6), leave to amend should not be granted where it is clear that the complaint's deficiencies cannot be cured by amendment. *See Lucas v. Dep't of Corr.*, 66 F. 3d 245, 248 (9th Cir. 1995).

**B. Plaintiffs' Complaint Fails For Lack Of Tender.**

"When a debtor is in default of a home mortgage loan, and a foreclosure is either pending or has taken place, the debtor must allege a credible tender of the amount of the secured debt to maintain any cause of action for wrongful foreclosure." *Alicea v. GE Money Bank,* 2009 WL 2136969 at 3 (N.D. Cal. 2009); *Montoya v. Countrywide Bank,* 2009 WL 1813973, at 11-12 (N.D. Cal. 2009) ("the 'tender rule' requires that as a precondition to challenging a foreclosure sale, or any cause of action implicitly integrated to the sale, the borrower must make a valid and viable tender of payment of the debt").  The rules governing tenders are strictly applied.  *Nguyen v. Calhoun,* 105 Cal.App.4th 428, 439 (2003).  Absent an alleged and actual tender, a complaint fails to state a cause of action.  *Karlsen v. Am. Sav. & Loan Ass'n.*, 15 Cal.App.3d 112, 117-118 (1971).  Indeed, if a plaintiff fails to allege the element of tender, there is nothing to warrant disruption of a non-judicial foreclosure.  *Anaya v. Advisors Lending Group,* 2009 WL 2424037, at 10 (E.D. Cal. 2009).

Although jumbled, and ultimately disguised as a TILA rescission claim, Plaintiffs nonetheless ultimately seek a declaration that they are the sole owners of the Property, free from their obligations under the Loan. In other words, Plaintiffs seek to unwind the completed nonjudicial foreclosure sale, while also stripping the Loan from the Property. *See* Complaint pages 7-8. Accordingly, Plaintiffs must offer to restore the Loan proceeds through a valid tender, or, at the very least, an offer to tender. However Plaintiffs do neither of these things. *See* Complaint generally. In fact, Plaintiffs do not allege that they have sufficient resources to tender. *Id*. More importantly, based on Plaintiff Anita Gaytan's recent status as a bankrupt, it is apparent Plaintiffs do not possess adequate resources to effectuate a valid tender of the half million dollar plus that was the outstanding Loan balance, or even the $429,5000.00 that was paid at the trustee's sale. *See* RJN Exhibit J. Plaintiffs' failure to do equity (or even offer to do equity) therefore prevents them from seeking the equitable relief through this, or any Court. For this reason alone, Plaintiffs' Complaint is subject to this motion without leave to amend.

### C. Plaintiffs' TILA Claim Fails As A Matter of Law.

Plaintiffs' lawsuit is also legally inept. Plaintiffs' action is based on the theory that they rescinded the Loan in 2009, and therefore, they automatically nullified or otherwise invalidated their obligations under the Loan. *See* Complaint pages 4-6 generally. This theory however suffers several fatal defects.

First, Plaintiffs' claim is time barred. TILA rescission is subject to a strict, three year statue of repose. *See* 15 U.S.C. § 1635(f). Plaintiffs conclude (without attaching the purported document) they rescinded their Loan on April 5, 2009, (*see* Complaint ¶¶ 21, 29). However, even assuming arguendo, the purported rescission notice was sent, which is denied, Plaintiffs nonetheless failed to bring this lawsuit to enforce their purported rescission until filing the instant action in April of 2016. Because Plaintiffs waited almost ten years to file suit to enforce their purported rescission, Plaintiffs have, in fact, deprived this Court of jurisdiction to hear their claim. *See Tyshkevich v. Wells Fargo Bank, N.A.* 2015 WL 7422178, at *5 (E.D. Cal., 2015) (holding that the expiration of the three year statute of repose "depriv[es] the courts of subject matter jurisdiction when a § 1635 claim is brought outside the three-year limitation period.")

Plaintiffs' reliance on *Jesinoski* is unavailing and does nothing to save their claim. *Jesinoski v. Countrywide Home Loans, Inc.* 135 S.Ct. 790 (2015). This is because, as explained in *Jacques v. Chase Bank, USA* "[w]hen a borrower exercises a valid right of rescission, the creditor must act within twenty days of receipt of the notice of rescission, returning the borrower's money and terminating its security interest. 15 U.S.C. § 1635(b). Failure to respond to the borrower's request constitutes a separate TILA violation. *See* 15 U.S.C. § 1640(a). However, a claim for TILA damages must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). A one year statute of limitations for violations of rescission under § 1635(b) then runs from twenty days after a plaintiff provides notice of rescission. 15 U.S.C. § 1640(e); *Frazile v. EMC Mortg. Corp.,* 382 Fed.Appx. 833, 839 (11th Cir. 2010)." *Jacques v. Chase Bank USA, N.A.* (D. Del., 2016) 2016 WL 423770, at *9. Applying

5

the *Frazile* and *Jacques* court's reasoning, Plaintiffs' admission that they purportedly rescinded the Loan on April 5, 2009, (*see* Complaint ¶¶ 21, 29) makes this lawsuit approximately six years tardy.[1] For this reason, Plaintiffs' entire action is subject to this Motion to Dismiss, with prejudice.

Finally, Plaintiffs lawsuit to enforce their purported rescission is also barred because the Loan transaction was cut-off by the sale of the Property. 15 U.S.C. § 1635(e) states specifically that the Obligor's right of rescission shall expire . . . upon the sale of the property. *See* 15 U.S.C. § 1635(e). As discussed above, the trustee's sale of the Property took place on March 29, 2016. *See* RJN Exhibit H. However, Plaintiffs' lawsuit was not filed until April 8, 2016. Because the sale of the Property has already taken place, Plaintiffs no longer have the right to even attempt to enforce their purported rescission of the Loan.

For all these reasons, Plaintiffs' TILA rescission claims are barred as a matter of law. In as much as Plaintiffs' purported TILA violation is the sole basis for their entire Complaint, the Complaint is subject to this motion, and leave to amend is futile.

**D. Plaintiffs' TILA Rescission Claim Is Subject to Dismissal Because It Is Inadequately Pled.**

In addition to being legally defective, Plaintiffs' claim is also inadequately pled. This is because Plaintiffs have not pled facts demonstrating that they met the threshold requirements for a TILA rescission claim.

In order to demonstrate the right to rescind a mortgage loan under TILA, Plaintiffs must demonstrate that, among other things, the Loan was not a purchase money mortgage loan, and that Plaintiffs did not receive sufficient notices of the right to rescind. *See* TILA's implementing regulation, known as "Regulation Z." 12 C.F.R. § 226 and 15 U.S.C. § 1635(a).

---

[1] Equitable tolling will not save this claim either. Even assuming the unlikely proposition that Plaintiffs were unaware that Defendant BONY failed accept their purported rescission in 2009, Plaintiffs were nevertheless made aware that their attempted rescission failed by when they began receiving non judicial foreclosure notices in or around September of 2011 and continuing through 2016. *See* RJN Exhibits B-F.

Plaintiffs have not alleged that they did not receive the required TILA notices during the origination of the Loan. *See* Complaint generally. Likewise, Plaintiffs have not alleged whether the Loan was a purchase money loan, or refinance of a purchase money loan through the same lender. *Id*. Accordingly, Plaintiffs have not alleged the threshold facts necessary to trigger the three year statute of repose rather than the three day right to rescind. Simply put, Plaintiffs have not alleged sufficient facts to demonstrate they were entitled to rescind (or attempt to) nearly two years after the origination of the Loan. Thus, overlooking the legal bars to Plaintiffs' Complaint, their claims nonetheless fail for want of sufficient facts.

### E. Plaintiffs' Claim Fails By Because It Is Barred By The Doctrine of Laches.

"Laches is an equitable time limitation on a party's right to bring suit," *Boone v. Mech. Specialties Co.,* 609 F.2d 956, 958 (9th Cir.1979), resting on the maxim that "one who seeks the help of a court of equity must not sleep on his rights." *Piper Aircraft, Corp.,* 741 F.2d at 939 (Posner, J., concurring). *Jarrow Formulas, Inc. v. Nutrition Now, Inc*. (9th Cir. 2002) 304 F.3d 829, 835.

Application of the doctrine of laches, like the tender requirement, will prevent an extraordinarily inequitable result. Plaintiffs assert they attempted to rescind their loan in 2009. *See* Complaint ¶¶ 21, 29. Tellingly, there is not a single allegation regarding Plaintiffs' attempts, if any, to enforce the purported rescission between 2009 and the filing of this Complaint on April 8, 2016. *See* Complaint generally. Plaintiffs' silence notwithstanding, the uncontested fact is that Plaintiffs remained in possession of the Property during those seven years. Moreover, during most of those seven years, the Property was subject to nonjudicial foreclosure proceedings. *See* RJN Exhibits C-I.[2] The recordation of the foreclosure notices, and Plaintiffs' continued possession of

---

[2] Reinforcing the inequitable nature of this claim is that BONY was required to cover the carrying costs for the Property, including the payment of hazard insurance and property taxes for several years. Meanwhile Plaintiffs retained possession of the Property, free from their monthly obligations.

7

MEMORANDUM OF POINTS AND AUTHORITIES

the Property surely put them on notice that their purported rescission failed. Yet, only now, after the Trustee's Sale has occurred, Plaintiffs attempt to enforce the purported seven year old rescission notice. On its face, this course of events demonstrates that Plaintiffs failed to act with sufficient diligence. Simply put, Plaintiffs actions here are the quintessential "sleeping on their rights." Accordingly, Plaintiffs' entire suit be dismissed, with prejudice.

### F. Plaintiffs' Request For Declaratory Relief Is Improper Because There Is No Relationship Between the Parties Any Longer.

Although not entirely clear, it appears Plaintiffs have stylized their purported TILA violation as a claim for declaratory relief. This they cannot do. 28 U.S.C. § 2201(a), provides, in pertinent part, that "[i]n a case of actual controversy within its jurisdiction..., any court of the United States… may declare the rights and other legal relations of any interested party seeking such declaration…." For the purposes of the Declaratory Judgment Act, the "'actual controversy' requirement is the same as the case or controversy requirement of Article III of the United States Constitution. … Issuing a declaratory judgment in a case without an actual controversy is an advisory opinion, which is prohibited by Article III." *Parcray v. Shea Mortg., Inc.*, CV-F-09-1942 OWW/GSA, 2010 WL 1659369, *9 (E.D. Cal. Apr. 23, 2010) (citations omitted). "A 'controversy' in this sense must be one that is appropriate for judicial determination ... A justiciable controversy is [not one] of a hypothetical or abstract character [or] one that is academic or moot... [It is] definite and concrete, touching the legal relations of parties having adverse legal interests...." *Hillblom v. United States*, 896 F.2d 426, 430 (9th Cir. 1990). However, "[t]his 'cause of action' is ultimately a request for relief-in order to weigh it, this order must examine its underlying claims." *Hafiz v. Greenpoint Mortg. Funding, Inc.*, 652 F. Supp. 2d 1039, 1043(N.D. Cal. 2009) (*citing Boeing Co. v. Cascade Corp.*, 207 F.3d 1177, 1192 (9th Cir. 2000)).

Plaintiffs did not, and cannot allege the existence of actual controversy between themselves and Defendants. That is because the foreclosure sale occurred on March 29,

2016 *See*, RJN, Exhibit I.  Thus, the relationship between the parties ceased to exist and Plaintiffs' request is moot.  Plaintiffs' request constitutes merely an improper request for an advisory opinion, which the Court should not do.  As such, Plaintiffs' claim fails.

Plaintiffs' claim also fails because "'[d]eclaratory relief operates prospectively to declare future rights, rather than to redress past wrongs.' Therefore, '[w]here there is an accrued cause of action for a past breach of contract or other wrong, declaratory relief is inappropriate.'" *Chang Bee Yang v. Sun Trust Mortg., Inc.*, 1:10-CV-01541 AWI SK, 2011 WL 902108, * 5 (E.D. Cal. Mar. 15, 2011) (citations omitted).  Thus, to the extent Plaintiffs do not ask for an advisory opinion, they ask the Court to impermissibly redress the alleged past wrongs (e.g. a purported violation of TILA). Therefore, to the extent Plaintiffs are asserting a Declaratory Relief claims, it is improper and should be dismissed, with prejudice.

### G. Plaintiffs' Claims Fail Against LOLZ and Rick Mroczek Because The Foreclosure Trustee's Actions Here Were Privileged.

Curiously, although the Complaint is based entirely on the theory that BONY failed to accept their purported rescission of the Loan, Plaintiffs have nonetheless also sued both LOLZ and Rick Mroczeck. As the duly substituted foreclosure trustee, and an employee thereof, LOLZ and Mr. Mroczeck had no connection with the purported violation of TILA. More importantly, LOLZ, and by extension Mr. Mroczeck are immune from Plaintiffs' claims under California law.  Civil Code §2924(d), specifically provides that "[t]he mailing, publication, and delivery of notices as required by this section," and the "[p]erformance of all procedures set forth in this article" shall constitute privileged communications within Civil Code §47 which defines certain actions and communications as privileged and non-actionable.  Civil Code §47 has been interpreted to contain both an absolute litigation privilege at subsection (b)(3), and a qualified privilege at subsection (c)(3), which applies to defined communications made without malice.  See *Kachlon v. Markowitz*, 168 Cal.App.4th 316, 85 Cal.Rptr.3d 316 (2008).

1  The absolute litigation privilege is also applied and immunizes defendants from tort liability for all torts except malicious prosecution. *See* Silberg v. Anderson, 50 Cal.3d 205, 211–12, 266 Cal.Rptr. 638, 786 P.2d 365 (1990). The California Supreme Court stated in *Action Apartment Ass'n, Inc. v. City of Santa Monica*, that the absolute litigation privilege has been held to "immunize defendants from tort liability based on theories of abuse of process, intentional infliction of emotional distress, intentional inducement of breach of contract, intentional interference with prospective economic advantage, negligent misrepresentation, invasion of privacy, negligence and <u>fraud</u>." *Action Apartment Ass'n v. City of Santa Monica*, 41 Cal.4th 1232, 1242, 63 Cal.Rptr.3d 398, 163 P.3d 89 (2007) (quoting *Silberg*, 50 Cal.3d at 215, 266 Cal.Rptr. 638, 786 P.2d 365) (internal citations omitted, and emphasis added).

Because LOLZ is the merely the substituted trustee of record it enjoys absolute, or at the very least qualified privilege in conducting acts in its capacity of trustee. There are no allegations in the Complaint that LOLZ or Mr. Mroczek acted outside the scope or their capacity as the foreclosure trustee. *See* Complaint generally. Therefore, in addition to the legal and equitable shortcomings, Plaintiffs' entire complaint is also barred as a matter of law with respect to LOL and Mr. Mroczek, and should therefore be dismissed with prejudice.

## IV. CONCLUSION

For all of the foregoing reason, Defendants respectfully request that this Motion to Dismiss the Complaint is granted, in its entirety, without leave to amend.

DATED: August 15, 2016                    ZIEVE, BRODNAX & STEELE, LLP

By:  /s/ Avi Phillips
JOHN C. STEELE, ESQ.
AVI N. PHILLIPS, ESQ.
Attorneys for Defendants, The Bank of New York Mellon, Law Offices of Lez Zieve, and Rick Mroczek

# PROOF OF SERVICE

I am over the age of eighteen years and not a party to the within action. I am employed by Zieve, Brodnax & Steele, LLP, whose business address is: 30 Corporate Park, Suite 450, Irvine, CA 92606.

On August 16, 2016, I served the within document(s) described as: **DEFENDANTS THE BANK OF NEW YORK MELLON, LAW OFFICES OF LES ZIEVE, AND RICK MROCZEK'S MOTION TO DISMISS PLAINTIFFS COMPLAINT** on the interested parties in this action:

☐ by placing ☐ the original ☐ true copy(ies) thereof enclosed in sealed envelope(s)
☐ addressed as follows: ☐ addressed as stated on the attached mailing list.

| Name & Address | Telephone / Fax / E-mail | Role |
|---|---|---|
| Joseph A. Gaytan<br>Anita Sheline Gayton<br>11850 Maple Street<br>Whittier, CA 90601 | Tel: (562) 533-5505<br>Fax: | *Plaintiffs in Pro Per* |

☒ **CM/ECF** (U.S. District Court, Central District of California, Local Civil Rule 5-3.3)—The NEF that is automatically generated by the Court's Electronic Filing System constitutes service of the filed document(s) on registered users. All parties who are not registered, if any, were served in the manner set forth below.

☐ **BY MAIL** (F.R.Civ.P, rule 5(b)(1); F.R.Civ.P., rule 5(b)(2)(C))—I deposited such envelope(s) for processing in the mailroom in our offices, having been address to each party's attorney(s) of record at their last known address. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Irvine, California, in the ordinary course of business.

☒ (Federal) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on August 16, 2016, at Irvine, California.

                                                /s Courtney Liggitt
                                                COURTNEY LIGGITT