ZIEVE, BRODNAX & STEELE, LLP
John C. Steele, Bar No. 179875
Tanya C. McCullah, Bar No. 279614
30 Corporate Park, Suite 450
Irvine, CA  92606
Telephone:  (714) 848-7920
Fax:  (714) 908-2615

Attorneys for Defendants, THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2006-15; LAW OFFICES OF LES ZIEVE; AND RICK MROCZEK

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA- WESTERN DIVISION

| | |
|---|---|
| JOSEPH A GAYTAN and ANITA SHELINE GAYTAN,<br><br>  Plaintiffs,<br><br>vs.<br><br>THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2006-15 and GRIFFIN RESIDENTIAL and LAW OFFICES OF LES ZIEVE and RICK MROCZEK,<br><br>  Defendants. | Case No.:   2:16-cv-02421<br>Date Action filed:   April 8, 2016<br><br>*Assigned for All Purposes to:*<br>Hon. Beverly Reid O'Connell<br>Courtroom 14<br><br>**DEFENDANTS THE BANK OF NEW YORK MELLON, LAW OFFICES OF LES ZIEVE, AND RICK MROCZEK'S REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>Date:  February 13, 2017<br>Time:  1:30 p.m.<br>Dept:   14<br><br><br>Trial Date:  None |

1

Defendants The Bank of New York Mellon fka The Bank of New York, as Trustee for the Certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2006-15 ("BONY"), Law Offices of Lez Zieve ("LOLZ"), and Rick Mroczek ("Mr. Mroczek") (collectively, "Defendants") hereby file this Reply Brief in response to Plaintiffs' Opposition to Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint.

**A. Plaintiffs' Reliance on *Jesinoski* is misguided.**

The crux of Plaintiffs' argument is that Supreme Court case *Jesinoski v. Countrywide Home Loans, Inc.*, 135 S.Ct. 790 (2015) somehow gave them the right to (1) "rescind" their loan after enjoying approximately three years' worth of the loan's benefits, (2) for absolutely no valid reason at all, and then (3) reside in the Subject Property rent-free for about eight years after their alleged "rescission." (See Opposition, pp. 1-2, "Introduction). Such is not the case.

The Truth in Lending Act ("TILA") gives borrowers the right to rescind a loan until midnight of the third business day following the consummation of the transaction or the delivery of the required disclosures, whichever is later, by notifying the creditor, in accordance with regulation of the Federal Reserve Board, of his intention to do so. 15 U.S.C. § 1635(a). Plaintiffs argue that all they were required to do was "simply" put their notice of rescission in the mail to be effective. (Opposition, 1:26-28). However, Plaintiffs miss the point that they must first be <u>eligible</u> to rescind under TILA. Plaintiffs have failed to allege any facts demonstrating that there was any actual TILA disclosure violation. (See First Amended Complaint and Opposition, generally). Instead, Plaintiffs claim they were entitled to rescind due to the alleged "transformation" or securitization of the Subject Loan, and that Plaintiffs were "made strangers to the undisclosed transaction that involved their Note and Deed of Trust." (Opposition, 3:9-16). Plaintiffs' opposition does nothing to relieve Plaintiffs' failure to demonstrate their actual eligibility to rescind the loan.

Plaintiffs claim that the decision in *Jesinoski* supports their allegations. In

*Jesinoski*, the Supreme Court found that the borrowers had sufficiently provided their notice of rescission (a written statement) and were not required to bring a lawsuit within three years of the alleged violation. *See Jesinoski*, *supra*, at 793. However, the borrowers in *Jesinoski* brought their lawsuit regarding TILA violation approximately one year after their alleged rescission. *Id*. at 790. Here, Plaintiffs <u>did not initiate their lawsuit for seven years</u> after they purportedly rescinded the Subject Loan.

For these reasons, Plaintiffs' arguments must be rejected. Plaintiffs may not sit on their alleged rights for seven years and then prevent the beneficiary from commencing foreclosure to recover security behind the Subject Loan, especially as Plaintiffs have undoubtedly enjoyed the benefits of the Subject Loan for years.

### B. Plaintiffs' Remaining Arguments Are Without Merit.

Plaintiffs claim in their Opposition that the remainder of the Motion's arguments are flawed. However, Plaintiffs do not provide any legal support for their conclusions. Simply put, foreclosure was proper after Plaintiffs stopped payment on their loan. The actions of the foreclosure trustee were proper given the agreements Plaintiffs made in executing the Deed of Trust and accepting the benefit of the Subject Loan funds. Thus, Plaintiffs' unsupported conclusions should be rejected.

DATED: February 8, 2017          ZIEVE, BRODNAX & STEELE, LLP

By:   */s/ Tanya C. McCullah*
JOHN C. STEELE, ESQ.
TANYA C. MCCULLAH, ESQ.
Attorneys for Defendants, The Bank of New York Mellon, Law Offices of Lez Zieve, and Rick Mroczek

# PROOF OF SERVICE

I am over the age of eighteen years and not a party to the within action. I am employed by Zieve, Brodnax & Steele, LLP, whose business address is: 30 Corporate Park, Suite 450, Irvine, CA 92606.

On February 8, 2017, I served the within document(s) described as: **DEFENDANTS THE BANK OF NEW YORK MELLON, LAW OFFICES OF LES ZIEVE, AND RICK MROCZEK'S REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT** on the interested parties in this action:

☒ by placing ☐ the original ☒ true copy(ies) thereof enclosed in sealed envelope(s) ☒ addressed as follows: ☐ addressed as stated on the attached mailing list.

| Name & Address | Telephone / Fax / E-mail | Role |
|---|---|---|
| Joseph A. Gaytan<br>Anita Sheline Gayton<br>8831 Strub Avenue<br>Whittier, CA 90605 | Tel: (562) 533-5505<br>Fax: | *Plaintiffs in Pro Per* |
| U.S. District Court- Central<br>Hon. Beverly Reid O'Connell<br>312 North Spring Street,<br>Courtroom 14<br>Los Angeles, CA 90012 | Tel: (213) 894-5283 | *U.S. District Court Judge*<br><br>*Overnight Courtesy Copy* |

updated 1/13/17

☒ **BY MAIL** (F.R.Civ.P, rule 5(b)(1); F.R.Civ.P., rule 5(b)(2)(C))—I deposited such envelope(s) for processing in the mailroom in our offices, having been address to each party's attorney(s) of record at their last known address. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Irvine, California, in the ordinary course of business.

☒ **CM/ECF** (U.S. District Court, Central District of California, Local Civil Rule 5-3.3)—The NEF that is automatically generated by the Court's Electronic Filing System constitutes service of the filed document(s) on registered users. All parties who are not registered, if any, were served in the manner set forth above.

☒ (Federal) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on February 8, 2017, at Irvine, California.

        /s *Ellen Zhang*
        ELLEN ZHANG

Proof of Service